THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff, William Orellana-Valladar

---

| | |
|---|---|
| **WILLIAM  ORELLANA-VALLADAR**, | UNITED STATES DISTRICT COURT DISTRICT COURT OF NEW JERSEY TRENTON |
| Plaintiff | |
| vs. | Civil Action No.:   -    (  -  ) |
| **MANCHESTER TOWNSHIP**; **CHIEF OF POLICE ROBERT M. DOLAN, JR. ; JOHN DOES 6-10** (fictitious individuals), Personnel of the Manchester Township Police Department in supervisory capacities; **DETECTIVE ADAM GUKER; DETECTIVE RICHARD CONKLIN; DETECTIVE JOSEPH FASTIGE**, and **JOHN DOES 1-5**, (fictitious individuals), members of the Manchester Township Police Department, | **COMPLAINT** |
| Defendants. | |

---

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the

Fourth and Fourteenth Amendments of the Constitution of the United States of America.

Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).   This Court has

supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section

1367.

## PARTIES

2.  Plaintiff William Orellana-Valladar, residing at 5 Queen Street, Egg Harbor, NJ, 08234, is and was, at all times herein relevant, a resident of the State of New Jersey.

3.  Defendants  Adam Guker; Richard Conklin; Joseph Fastige, and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Manchester Township Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of Manchester Township and were acting under the color of law.

4.  Defendants Chief of Police Robert M. Dolan, Jr. and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Manchester Township Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Manchester Township and were acting under the color of law.

5.  Defendants Chief of Police Robert M. Dolan, Jr. John Does 6-10 were acting in supervisory capacities over Defendants Guker; Conklin; Fastige, and/or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Guker; Conklin; Fastige, and/or John Does 1-5.

6.  Defendant Manchester Township is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7.  At all times relevant hereto, Defendants Manchester Township employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Chief of Police Robert M. Dolan, Jr.; Adam Guker; Richard Conklin; Joseph Fastige, and/or John Does 1-10.

8.  All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On 2 /17/22, Plaintiff got out of work from his job at Joint Base McGuire-Dix-Lakehurst and activated the UBER app on his cell phone.  Plaintiff had been a part time UBER driver for approximately two or three weeks on the date of the incident.

2. After completing ride requests in the Lakewood area, Plaintiff accepted a ride request from an individual named "Raxley" at a Whiting New Jersey address. Plaintiff's car had a visible placard indicating that he was an Uber driver.

3. Plaintiff arrived at the Whiting address and someone came out of the residence waving a package.

4. Plaintiff got out of his car, thinking that he was there to pick up a package as part of Uber's package delivery option and asked the person holding the package if he was "Raxley."

5. The person holding the package pointed a weapon at him. Other persons came out of the residence and also pointed weapons at him.

6. Plaintiff thought that he was being robbed until they identified themselves as police officers and told him to get on the ground. The police officers were Defendants Guker, Conklin; Fastige, and/or John Does 1-10.

7. Unbeknownst to Plaintiff, Defendants were investigating an attempted scam on the homeowner at the Whiting address.

8. The scam was commonly known to law enforcement as "The Grandparent Scam," where scammers would call elderly victims and falsely inform them that their grandchild had been arrested and needed money for a public defender to avoid being jailed.  The victim would be instructed to get money and wait for a courier to pick it up from the victim's home.

9. Earlier that day, Defendants had been informed that the scam was underway and had met with the victim at her home. The victim had gotten money as requested by the scammers. The scammers had called the victim, told her to put the money in a package and that a courier named William would arrive to pick it up. Defendants Guker; Conklin; Fastige, and/or John Does 1-5 posed as the victim and waited outside on the porch with the package.

10. When Plaintiff arrived, Defendants ordered him to the ground at gunpoint and transported him to Manchester Township police department headquarters, where they told him that he was being charged with Theft By Deception in connection with the fraud scheme.

11. Plaintiff told Defendants that he did not know about or participate in the fraud scheme and he cooperated fully with Defendants.

12. Plaintiff told Defendants that he was an Uber driver and that he had gone to the address to pick up a fare named "Raxley." He also told Defendants that he did not know where he was supposed to drop off "Raxley" and/or the package because the Uber app does not provide a drop-off destination until *after* the fare was in Plaintiff's car.

13. Plaintiff gave Defendants his cell phone to review and to prove that he was not involved in the scam. Defendants reviewed the contents of his cell phone and it did not contain any evidence that Plaintiff was involved in the scam.

14. Plaintiff consented to a search of his vehicle, which did not contain any evidence that he was involved in the scam.

15. Defendants then charged Plaintiff with Theft By Deception , despite the fact that they lacked any evidence that Plaintiff had been involved in the scam, and he was released.

16. Plaintiff also surrendered his cell phone to Defendants and it was sent to the Ocean County Prosecutor's Office forensics lab to be searched. The forensics search also did not yield

any evidence that Plaintiff had been involved in the scam.

17.  Plaintiff incurred $3,500 worth of legal expenses to defend against the Theft By Deception charge.

18. The charge against Plaintiff was dismissed by the Ocean County Prosecutor's Office on 6/20/23, more than 16 months after he was falsely arrested.

**COUNT ONE**
**SECTION 1983 FALSE ARREST**

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The aforementioned acts of Defendants Guker; Conklin; Fastige, and/or John Does 1-10, acting under color of state law in arresting Plaintiff was without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3.  Defendants Guker; Conklin; Fastige, and/or John Does 1-10 did not have probable cause to arrest Plaintiff and charge him with Theft By Deception. Specifically, Defendants knew that:

a.)  Plaintiff was an Uber driver who arrived at the scene to pick up a fare;

b.)  Plaintiff's cell phone contained no evidence that he was involved in the scam that they were investigating, and

c.)  Plaintiff's car contained no evidence that he was involved in the scam that they were investigating.

4. The charge against Plaintiff was dismissed on 6/20/23.

5.  The aforementioned acts were in violation of Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, and the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the Unites States, protected by 42 U.S.C. Section 1983.

6.  As a direct and proximate cause of conduct of  Defendants set forth above Plaintiff was deprived of his constitutional rights; sustained emotional injury; incurred $3,500 worth of legal expenses, and will incur additional special damages in the future in an amount which cannot yet be  determined.

**WHEREFORE**, Plaintiff William Orellana-Valladar demands judgment against Defendants Adam Guker; Richard Conklin; Joseph Fastige, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

## COUNT TWO
## SECTION 1983 MALICIOUS PROSECUTION

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Guker; Conklin; Fastige, and/or John Does 1-10, acting under color of state law and/or in their individual capacities, initiated criminal process against Plaintiff without probable  cause and with malice.  Specifically, Defendants knew that:

a.)  Plaintiff was an Uber driver who arrived at the scene to pick up a fare;

b.)  Plaintiff's cell phone contained no evidence that he was involved in the scam that they were investigating, and

c.)  Plaintiff's car contained no evidence that he was involved in the scam that they were investigating.

3. The charge against Plaintiff was dismissed on 6/20/23.

4.  As a direct and proximate cause of the actions initiated by Defendants, Plaintiff suffered a deprivation of liberty consistent with the concept of  seizure as a consequence of the legal proceeding.

5.  As a direct and proximate cause of conduct of  Defendants set forth above Plaintiff was deprived of his constitutional rights; sustained emotional injury; incurred $3,500 worth of legal expenses, and will incur additional special damages in the future in an amount which cannot yet be  determined.

**WHEREFORE**, Plaintiff William Orellana-Valladar demands judgment against Defendants Adam Guker; Richard Conklin; Joseph Fastige, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and  just.

**COUNT THREE**
**SECTION 1983 USE OF EXCESSIVE FORCE**

1.  The previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Guker; Conklin; Fastige, and/or John Does 1-5 acting under color of state law used excessive and unreasonable force on Plaintiff's person, depriving him of his right to be secure in his  person against unreasonable seizure, in violation of the Fourth  and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3.  Specifically, Defendants Guker; Conklin; Fastige, and/or John Does 1-5 pointed their loaded service weapons at Plaintiff, who did not appear to be violent, armed or a threat to them.

4.  As a direct and proximate cause of the Defendants' excessive, unreasonable and malicious use of physical force set forth above, Plaintiff sustained emotional injuries and will suffer additional special damages in the future in an amount which cannot yet be determined.

5.  By reason of the above, Plaintiff was injured and was deprived of his constitutional rights as described above.

**WHEREFORE**, Plaintiff William Orellana-Valladar demands judgment against Defendants Adam Guker; Richard Conklin; Joseph Fastige, and/or John Does 1-5 on this Count together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

**COUNT FOUR**
**SECTION 1983 FAILURE TO INTERVENE**

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Guker; Conklin; Fastige, and/or John Does 1-5 were Manchester Township Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Guker; Conklin; Fastige, and/or John Does 1-5 had a duty to intervene in the unjustified use of excessive and unreasonable force on Plaintiff's person by Defendants Guker; Conklin; Fastige, and/or John Does 1-5.

4. The unjustified actions of Defendants Guker; Conklin; Fastige, and/or John Does 1- 5 deprived Plaintiff of his right to be secure in his person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Defendants Guker; Conklin; Fastige, and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified actions of Defendants Guker; Conklin; Fastige, and/or John Does 1-10 and failed to intervene.

6. As a direct and proximate cause of the conduct of Defendants as set forth above, Plaintiff sustained emotional injuries and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff William Orellana-Valladar demands judgment against Adam Guker; Richard Conklin; Joseph Fastige, and/or John Does 1-5 on this Count together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FIVE
## SECTION 1983 SUPERVISORY LIABILITY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Dolan and/or John Does 6-10 were supervisory officials and/or officers in charge on the date of the incident. Specifically, Defendant Dolan was the Chief of Police. As such, Defendants Dolan and/or John Does 6-10 were responsible for the department's Internal Affairs, Use of Force and Search and Seizure policies, practices, procedures and customs and also responsible for the training of Manchester Township police officers.

3. Defendants Dolan and/or John Does 6-10 had a duty to prevent subordinate officers Defendants Guker; Conklin; Fastige, and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4. Defendants Dolan and/or John Does 6-10 either directed Defendants Guker; Conklin; Fastige, and/or John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

5. As a direct and proximate result of the acts of Defendants Dolan and/or John Does 6-10 as set forth herein, Plaintiff sustained emotional injuries and will suffer additional special damages in the future in an amount which cannot yet be determined. in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff William Orellana-Valladar demands judgment against Defendants Dolan and/or John Does 6-10, on this Count together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SIX
## SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE/ INADEQUATE TRAINING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Manchester Township, Manchester Township Chief of Police Robert M. Dolan, Jr. and/or John Does 6-10, are vested by state law with the authority to make policy on: (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the Manchester Township Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests and/or the laws of search and seizure; (3) police citizen encounters, and/or (4) disciplining officers. Defendants Dolan and/or John Does 6- 10 are responsible for training Police Officers in the use of force; effectuating arrests and/or the laws of search and seizure; police citizen encounters and/or were officers in charge on the date of the incident.

3. At all times mentioned herein, Defendants Guker; Conklin; Fastige, and/or John Does 1-5, as police officers, agents, servants and/or employees of Defendant Manchester Township, were acting under the direction and control of Defendants Manchester Township Police Department, Dolan and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Manchester Township Police Department.

4. Acting under color of law pursuant to official policy, practice, or custom, Defendants Manchester Township, Dolan and/or John Does 6-10 intentionally, knowingly, recklessly and/or

with deliberate indifference failed to train, instruct, supervise, control, and discipline on a

continuing basis, Defendants Dolan, Guker; Conklin; Fastige,  and/or John Does 1-5 in their

duties to refrain from making false arrests without probable cause, and/or using unreasonable

and excessive force.

5.  Acting under color of law pursuant to official policy, practice, or custom, Defendants

Manchester Township, Dolan and/or John Does 6-10 intentionally, knowingly, recklessly and/or

with deliberate indifference implemented and/or conducted superficial and shallow Internal

Affairs processes which ignored evidence and patterns of police misconduct on individual and

departmental levels. Defendants Manchester Township, Dolan and/or John Does 6-10 failed to

professionally, objectively and/or expeditiously investigate instances and patterns of police

misconduct in violation of the spirit and substance of the New Jersey Attorney General's

Guidelines for Internal Affairs Policy and Procedures.

6.  Defendants Manchester Township, Dolan and/or John Does 6-10 failed to adequately

track and investigate departmental Internal Affairs complaints, administrative complaints and/or

use of force incidents in violation of Manchester Township Police Department policies, practices,

customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal

Affairs Guidelines, and/or failed to discipline officers for such violations.

7. Defendants Manchester Township, Dolan and/or John Does 6- 10 were aware of

numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or

civil lawsuits filed against, Defendants Dolan, Guker; Conklin; Fastige, John Does 1-10, and/or

other Manchester Township Police Officers whereby they customarily and frequently subjected

citizens held in custody to physical and mental abuse;  unlawfully and maliciously assaulted,

arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the

facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests and unlawful searches and seizures, mishandled and/or withheld evidence, and/or used unreasonable and excessive force on citizens/arrestees.

8.  Despite their awareness, Defendants Manchester Township, Dolan and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Guker; Conklin; Fastige;  Dolan; John Does 1-10, and/or other Manchester Township Police Officers.

9.  Defendants Manchester Township, Dolan and/or  John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Dolan; Guker; Conklin; Fastige, and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

10.   Defendants Manchester Township, Dolan and/or John Does 6-10 had  power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

11.  Defendants Manchester Township, Dolan and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Dolan; Guker; Conklin; Fastige, and/or John Does 1-10 heretofore described.

12.  As a direct and proximate result of the acts of Defendants Manchester Township, Dolan and/or John Does 6-10 as set forth herein, Plaintiff suffered emotional injury and will suffer additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and

Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff William Orellana-Valladar demands judgment against Defendants Manchester Township, Dolan and/or John Does 6-10 on this Count together with compensatory and punitive damages, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SEVEN
## VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The actions of Defendants Guker; Conklin; Fastige, and/or John Does 1-10, acting under color of state law and/or in their individual capacities set forth at length above, deprived plaintiff of his rights secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, et  seq. ("The New Jersey Civil Rights Act").

3. As a direct and proximate cause of conduct of  Defendants set forth above, Plaintiff was  deprived of his constitutional rights;  sustained emotional distress, and will incur additional special damages in the future in an amount which  cannot yet be  determined.

**WHEREFORE**, Plaintiff William Orellana-Valladar demands judgment against Defendants Adam Guker; Richard Conklin; Joseph Fastige, and/or John Does 1-10  on this Count together with compensatory and punitive damages, attorney's fees, interest  and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: 12/4/23                            */s/ Thomas J. Mallon, Esquire*
                                          THOMAS J. MALLON, ESQUIRE