Michael J. McKenna, Esq.
Law Offices of Michael J. McKenna, LLC.
29 Hadley Avenue
Toms River, New Jersey 08753
(732) 349-1800
Attorneys for Defendants, Chief of Police Robert M. Dolan, Jr., Det. Adam Guker,
Det. Richard Conklin and Det. Joseph Fastige

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ORELLANA-VALLADAR, | Civil Action No.: 3:23-cv-22869 |
| | CIVIL ACTION |
| Plaintiff, | |
| vs | |
| MANCHESTER TOWNSHIP, CHIEF OF POLICE ROBERT M. DOLAN, JR., JOHN DOES 6-10 (fictitious individuals), Personnel of the MANCHESTER TOWNSHIP POLICE DEPARTMENT in Supervisory capacities, DETECTIVE ADAM GUKER, DETECTIVE RICHARD CONKLIN, DETECTIVE JOSEPH FASTIGE, and JOHN DOES 1-5, (fictitious Individuals), members of the Manchester Township Police Department. | DEFENDANTS, CHIEF OF POLICE ROBERT M. DOLAN, JR., DET. ADAM GUKER, DET. RICHARD CONKLIN, DET. JOSEPH FASTIGE, ANSWER, SEPARATE DEFENSES, AND JURY DEMAND |
| Defendants. | |

Defendants, Chief of Police Robert M. Dolan, Jr., Det. Adam Guker, Det. Richard Conklin, and Det. Joseph Fastige by way of Answer to plaintiff's Complaint, say:

**JURISDICTION**

1. The defendants admit that the Court has jurisdiction, and that venue is proper, but deny any remaining allegations contained in this paragraph.

1

## PARTIES

2. The defendants have insufficient knowledge of the accuracy of the allegations contained in this paragraph and thus neither admit nor deny them and leave the plaintiff to his proofs.

3. The defendants admit the allegations contained in this paragraph.

4. The defendants admit the allegations contained in this paragraph.

5. The defendants admit the allegations contained in this paragraph.

6. The defendants admit the allegations contained in this paragraph.

7. The defendants have insufficient knowledge of the accuracy of the allegations contained in this paragraph and thus neither admit nor deny them and leave the plaintiff to his proofs.

8. The defendants deny the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

5. The defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    6.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    7.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    8.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    9.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    10.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    11.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    12.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    13.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    14.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    15.    The defendants deny the allegations contained in this paragraph.

    16.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

    17.    The defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

18. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

## COUNT ONE
## SECTION 1983 FALSE ARREST

1. The defendants repeat, re-allege, and incorporate by reference all prior answers and responses as if set forth fully herein.

2. The defendants deny the allegations contained in this paragraph.

3. The defendants deny the allegations contained in this paragraph.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

5. The defendants deny the allegations contained in this paragraph.

6. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants demand judgment dismissing Count One of the plaintiff's Complaint, together with attorney's fees and costs of suit.

## COUNT TWO
## SECTION 1983 MALICIOUS PROSECUTION

1. The defendants repeat, re-allege, and incorporate by reference all prior answers and responses as if set forth fully herein.

2. The defendants deny the allegations contained in this paragraph.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and thus leave the plaintiff to his proofs.

4. The defendants deny the allegations contained in this paragraph.

5. The defendants deny the allegations contained in this paragraph.

4

**WHEREFORE,** the defendants demand judgment dismissing Count Two of the plaintiff's Complaint, together with attorney's fees and costs of suit.

## COUNT THREE
## SECTION 1983 USE OF EXCESSIVE FORCE

1. The defendants repeat, re-allege, and incorporate by reference all prior answers and responses as if set forth fully herein.

2. The defendants deny the allegations contained in this paragraph.

3. The defendants deny the allegations contained in this paragraph.

4. The defendants deny the allegations contained in this paragraph.

5. The defendants deny the allegations contained in this paragraph.

**WHEREFORE,** the defendants demand judgment dismissing Count Three of the plaintiff's Complaint, together with attorney's fees and costs of suit.

## COUNT FOUR
## SECTION 1983 FAILURE TO INTERVENE

1. The defendants repeat, re-allege, and incorporate by reference all prior answers and responses as if set forth fully herein.

2. The defendants admit the allegation contained in this paragraph.

3. The defendants deny the allegations contained in this paragraph.

4. The defendants deny the allegations contained in this paragraph.

5. The defendants deny the allegations contained in this paragraph.

6. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants demand judgment dismissing Count Four of the plaintiff's Complaint, together with attorney's fees and costs of suit.

## COUNT FIVE
## SECTION 1983 SUPERVISORY LIABILITY

1. The defendants repeat, re-allege, and incorporate by reference all prior answers and responses as if set forth fully herein.

2. The defendants admit the allegations contained in this paragraph.

3. The defendants deny the allegations contained in this paragraph.

4. The defendants deny the allegations contained in this paragraph.

5. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants demand judgment dismissing Count Five of the plaintiffs Complaint, together with attorney's fees and costs of suit.

## COUNT SIX
## SECTION 1983 UNLAWFUL POLICY CUSTOM, PRACTICE/INADEQUATE TRAINING

1. The defendants repeat, re-allege, and incorporate by reference all prior answers and responses as if set forth fully herein.

2. The defendants deny the allegations, as stated, contained in this paragraph.

3. The defendants admit the allegations contained in this paragraph.

4. The defendants deny the allegations contained in this paragraph.

5. The defendants deny the allegations contained in this paragraph.

6. The defendants deny the allegations contained in this paragraph.

7. The defendants deny the allegations contained in this paragraph.

8. The defendants deny the allegations contained in this paragraph.

9. The defendants deny the allegations contained in this paragraph.

10. The defendants deny the allegations contained in this paragraph.

11. The defendants deny the allegations contained in this paragraph.

12. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants demand judgment dismissing Count Six of the plaintiff's Complaint, together with attorney's fees and costs of suit.

## COUNT SEVEN
## VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The defendants repeat, re-allege, and incorporate by reference all prior answers and responses as if set forth fully herein.

2. The defendants deny the allegations contained in this paragraph.

3. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants demand judgment dismissing Count Seven of the plaintiff's Complaint, together with attorney's fees and costs of suit.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND SEPARATE DEFENSE

The plaintiff's claims are barred by the Statute of Limitations or are otherwise time-barred.

## THIRD SEPARATE DEFENSE

At all times mentioned in the Complaint, any and all actions or omissions of the defendants that relate in any way to plaintiff's alleged damages involved decisions of the defendants within the area of non-actionable governmental discretion. Therefore, the defendants are not liable to the plaintiff.

## FOURTH SEPARATE DEFENSE

The defendants acted in good faith and are immune from any liability to the plaintiff.

## FIFTH SEPARATE DEFENSE

The defendants are entitled to qualified immunity.

## SIXTH SEPARATE DEFENSE

The defendants are entitled to absolute immunity.

## SEVENTH SEPARATE DEFENSE

The defendants were acting in accordance with clearly established standards. Therefore, the defendants are not liable to the plaintiff.

## EIGHTH SEPARATE DEFENSE

The defendants acted reasonably and within the boundaries of their lawful authority.

## NINTH SEPARATE DEFENSE

The defendants, at no time pertinent to the allegations contained within plaintiff's Complaint, acted intentionally, knowingly and maliciously in such a manner so as to cause the injuries alleged by the plaintiff.

## TENTH SEPARATE DEFENSE

The defendants acted reasonably and properly in the exercise of their duties.

## ELEVENTH SEPARATE DEFENSE

The defendants were not negligent and their actions were reasonable and necessary in order to protect them and/or other persons.

## TWELFTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:3-2, as to the absence of liability for injuries resulting from the exercise of judgment or discretion.

### THIRTEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:3-3, as to the absence of liability for injuries resulting from execution or enforcement of any law.

### FOURTEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:3-5, as to the absence of liability for injuries caused by the failure to adopt or enforce any law.

### FIFTEENTH SEPARATE DEFENSE

The defendants are is entitled to the protections of the provisions of N.J.S.A. 59:3-7, as to the absence of liability for injuries caused by the failure to inspect.

### SIXTEENTH SEPARATE DEFENSE

Any search or seizure conducted by the defendants was based on probable cause and was otherwise proper.

### SEVENTEENTH SEPARATE DEFENSE

The motor vehicle stop of this plaintiff's vehicle was based on reasonable suspicion and/or probable cause and was otherwise proper.

### EIGHTEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:8-1 through N.J.S.A. 59:8-7, regarding the plaintiff's failure to provide an adequate notice of claim.

### NINETEENTH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:8-8 through N.J.S.A. 59:8-11, regarding the plaintiff's failure to timely and properly present a notice of claim.

### TWENTIETH SEPARATE DEFENSE

The defendants are entitled to the protections of the provisions of N.J.S.A. 59:9-1 and N.J.S.A. 59:9-2, concerning conditions of suit and judgment.

### TWENTY-FIRST SEPARATE DEFENSE

The plaintiff's Complaint is barred by the doctrine of collateral estoppel.

### TWENTY-SECOND SEPARATE DEFENSE

The defendants hereby reserve the right to interpose such other defenses and objections as continuing discovery may disclose.

### TWENTY-THIRD SEPARATE DEFENSE

The remedies sought by the plaintiff is not justified.

### TWENTY-FOURTH SEPARATE DEFENSE

The negligence of the plaintiff or other persons or parties was greater than any negligence of the defendants.

### TWENTY-FIFTH SEPARATE DEFENSE

Any force used by the defendant's was objectively reasonable.

### TWENTY-SIXTH SEPARATE DEFENSE

The defendants did not act intentionally or recklessly.

### TWENTY-SEVENTH SEPARATE DEFENSE

The defendant did not intend to do the act which allegedly produced emotional distress.

### TWENTY-EIGHTH SEPARATE DEFENSE

The defendants did not act in deliberate disregard of a high degree of probability that emotional distress would result from his actions.

### TWENTY-NINTH SEPARATE DEFENSE

The defendants' conduct was not extreme or outrageous.

### THIRTIETH SEPARATE DEFENSE

The defendants' conduct was not such as to exceed all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.

### THIRTY-FIRST SEPARATE DEFENSE

The defendants' actions were not the proximate cause of any emotional distress.

### CROSS-CLAIM FOR INDEMNIFICATION

While denying liability to the plaintiff if judgment is recovered by the plaintiff against this defendant, it is hereby asserted that the acts and injuries and damages alleged by the plaintiff was caused by or arose out of the primary negligence of the co-defendants, and that the said co-defendants should indemnify and save harmless this defendant.

WHEREFORE, the defendants demand such damages from the co-defendants as may be assessed in favor of the plaintiff and against these defendants to the end that these defendants shall be indemnified and held harmless therefrom.

### ANSWER TO CROSS-CLAIMS

The defendants deny any and all allegations contained within the cross-claims for contribution or indemnification in the within matter.

### DEMAND FOR SPECIFICATION OF DAMAGES

The defendants hereby demand that the plaintiff specify the amount of damages sued for in the Complaint.

### DEMAND FOR JURY TRIAL

The defendants demand a trial by jury as to all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Michael J. McKenna, Esq., is hereby designated as trial counsel in the above-captioned litigation on behalf of the Law Offices of Michael J. McKenna, LLC.

## CERTIFICATION

The undersigned certifies that the within matter is not the subject of any other action pending in any court or of a pending arbitration proceeding. All known parties to be joined in this action are joined. I also certify that the within Answer and Separate Defenses are served within the time prescribed by the Rules of Court.

**Law Offices of Michael J. McKenna, LLC**
*Attorney for Defendants, Chief of Police Robert M. Dolan, Jr., Det. Adam Guker, Det. Richard Conklin, Det. Joseph Fastige*

By: _____
MICHAEL J. McKENNA

Dated: March 6, 2024