[ECF No. 41]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM ORELLANA-VALLADAR, | |
| Plaintiff, | Civil No. 23-22869 (ESK/EAP) |
| v. | |
| MANCHESTER TOWNSHIP, et al., | ORDER |
| Defendants. | |

This matter comes before the Court on Plaintiff William Orellana-Valladar's ("Plaintiff") motion to compel compliance with a subpoena *ad testificandum* and subpoena *duces tecum* personally served upon nonparty Uber Technologies, Inc. *See* ECF No. 41-2 at 3-4 (subpoena *ad testificandum*); ECF No. 41-2 at 5-6 (subpoena *duces tecum*). The Court notes that Defendant consents to Plaintiff's Motion. *See* ECF No. 41; ECF No. 41-1 at 3; and

**IT APPEARING TO THE COURT** that this matter concerns alleged civil rights violations by Defendants in connection with Plaintiff's arrest and prosecution while he was working as an Uber driver. *See* ECF No. 1 (Complaint) ¶¶ 1-18; and

**IT FURTHER APPEARING TO THE COURT** that as part of discovery, Plaintiff served a subpoena *duces tecum* and subpoena *ad testificandum* on Uber Technologies, Inc., seeking records related to Uber rides Plaintiff accepted and/or completed on February 17, 2022, and for the testimony of an Uber representative who can testify about the practices and policies of Uber on February 17, 2022. ECF No. 41-2 at 3-6; and

**IT FURTHER APPEARING TO THE COURT** that Plaintiff personally served the subpoena on Uber Technologies, Inc. c/o C.T. Corporation System on February 27, 2025. *See* ECF No. 41-2 at 1 (Aff. of Service). Plaintiff gave Uber Technologies, Inc. until March 11, 2025,

to comply with the subpoena. *See* ECF No. 41-2 at 3-6. An attorney for Uber Technologies, Inc. has contacted Plaintiff's counsel regarding the subpoenas, but the company has not responded, objected to, or moved for entry of a protective order with respect to the subpoena. *See* ECF No. 41-1 (Proposed Order) at 1-2; and

**THE COURT NOTING** that Federal Rule of Civil Procedure 45(d)(2)(B)(i) authorizes a party to file a motion to compel compliance with a subpoena. Rule 26(b)(1) permits parties "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense proportional to the needs of the case . . . [.]" Fed. R. Civ. P. 26(b)(1); *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). The scope of discovery under Rule 45 is the same as that under Rule 26(b). *In re Subpoena to Rehberger*, No. 13-831, 2013 WL 2243081, at *3 (D.N.J. May 21, 2013) (citing *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, No. 08-2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)). Moreover, under Rule 45(d)(3), if a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it. Fed. R. Civ. P. 45(d)(3); and

**THE COURT NOTING** that it has carefully reviewed the present motion and has considered the applicable legal standards. For the foregoing reasons, and for good cause shown;

**IT IS** this **20th** day of **March 2025**;

**ORDERED** that Plaintiff's motion to compel compliance with the subpoena *ad testificandum* and subpoena *duces tecum* personally served on Uber Technologies, Inc. is **GRANTED**; and it is further

**ORDERED** that within **seven (7) days**, from the date of this Order, Defendant shall personally serve on Uber Technologies, Inc.: (1) a copy of this Order; (2) another copy of the subpoena *duces tecum* and subpoena *ad testificandum*; and (3) a copy of the notice required under Federal Rule of Civil Procedure 45(c), (d), (e), and (g), *see* https://www.njd.uscourts.gov/sites/njd/files/forms/AO_088_0.pdf.; and it is further

**ORDERED** that Uber Technologies, Inc. shall make arrangements through the office of Mallon Tranger & Budzek, located at 86 Court Street, Freehold, NJ 07728, phone: (732) 780-0230, to have an Uber representative appear for a deposition who will be able to testify about the practices and policies of Uber on February 17, 2022, and specifically whether Uber drivers who were completing fares and/or package deliveries on February 17, 2022, were made aware of the precise destination of a fare or package before accepting and picking up the fare and/or package for delivery; and it is further

**ORDERED** that Uber Technologies, Inc. shall supply any and all records related to any and all Uber rides Plaintiff William Orellana-Valladar accepted and/or completed on February 17, 2022.  It has been represented that Mr. Orellana-Valladar's personal information was supplied to Uber Technologies, Inc. in a letter dated February 24, 2025, that was served with the subpoenas on February 27, 2025.  If there are any questions about Mr. Orellana-Valladar's personal information, those questions may be resolved through the office of Mallon Tranger & Budzek, located at 86 Court Street, Freehold, NJ 07729, phone: (732) 780-0230; and it is further

**ORDERED** that Uber Technologies, Inc. shall arrange for a representative to appear for an in-person or Zoom deposition within **thirty (30) days** from the date this Order is filed, and to provide Plaintiff with copies of the written discovery within **fifteen (15) days** from the date this Order is filed.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Edward S. Kiel, U.S.D.J.